1  Matthew Righetti (SBN 121012)
**RIGHETTI LAW FIRM, P.C.**
2  456 Montgomery Street, Suite 1400
San Francisco, California 94104
3  Telephone: (415) 983-0900
Facsimile: (415) 397-9005

4

5  Gene Williams (SBN 211390)
**INITIATIVE LEGAL GROUP APC**
6  1800 Century Park East, 2nd Floor
Los Angeles, California 90067
7  Telephone: (310) 556-5634
Facsimile: (310) 861-9051

8  Edwin Aiwazian (SBN 232943)
**THE AIWAZIAN LAW FIRM**
9  410 West Arden Avenue, Suite 203
Glendale, California 91203
10  Telephone: (818) 265-1020
Facsimile: (818) 265-1021

11  *Attorneys for* Plaintiff

12        UNITED STATES DISTRICT COURT

13        SOUTHERN DISTRICT OF CALIFORNIA

14

'10 CV 0586 H        BLM

15  LY BERNAL, individually, and on
behalf of members of the general public
16  similarly situated, and as an aggrieved
employee pursuant to the Private
17  Attorneys General Act ("PAGA"),

18        Plaintiff,

19  vs.

20  COMERICA BANK, a Texas
corporation; COMERICA
21  INCORPORATED, a Delaware
corporation; and COMERICA
22  MANAGEMENT COMPANY, INC., a
Michigan Corporation.

23        Defendants.

24

25

26

27

28

Case No.:

**CLASS ACTION COMPLAINT
& ENFORCEMENT UNDER
THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA
LABOR CODE §§ 2698 ET SEQ.**

(1) Violation of California Labor
Code §§ 510 and 1198;
(2) Violation of California Labor
Code §§ 226.7 and 512(a);
(3) Violation of California Labor
Code § 226.7;
(4) Violation of California Labor
Code § 204;
(5) Violation of California Labor
Code §§ 201 and 202;
(6) Violation of California Labor
Code § 226(a);
(7) Violation of California Labor
Code § 1174(d); and
(8) Violation of California
Business & Professions Code
§§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FILED
2010 MAR 19 PM 3: 38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

BY FAX

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL



Plaintiff Ly Bernal ("Plaintiff"), individually and on behalf of other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents, are licensed to transact and do transact business, in this district.

3.      California Labor Code sections 2698 et seq., the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

4.      Plaintiff has timely provided notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3(a).

## PARTIES

5.      Plaintiff is an individual residing in the County of San Diego, State of California.

6.      Defendant COMERICA BANK is a corporation organized and existing under the laws of the State of Texas, and transacts business throughout the State of California, including the County of San Diego.

7.      Defendant COMERICA INCORPORATED is a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of San Diego.

8.      Defendant COMERICA MANAGEMENT COMPANY, INC. ("CMCI") is a corporation organized and existing under the laws of the State of Michigan, and transacts business in the State of California, including the County of San Diego.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

9.    CMCI is a subsidiary of COMERICA BANK, which is a subsidiary of COMERICA INCORPORATED.

10.    Although separate legal entities, COMERICA INCORPORATED, COMERICA BANK, and CMCI share COMERICA INCORPORATED's Department of Human Resources, as well as its information systems, technology, legal department and treasury.

11.    At all relevant times, COMERICA INCORPORATED, COMERICA BANK, and CMCI were jointly and severally the "employer" of Plaintiff and the other class members within the meaning of all applicable state laws and statutes and will hereinafter collectively be referred to as Comerica or Defendants.

12.    COMERICA INCORPORATED owns and operates approximately forty-five (45) Comerica Bank centers and/or branches located in the State of California.

13.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

14.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

15.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

16.    Plaintiff brings this action on her own behalf, as well as on behalf of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   each and all other persons similarly situated, and thus, seek class certification

2   under Federal Rules of Civil Procedure, Rules 23(a), (b)(2), and (b)(3).

3       17.   All claims alleged herein arise under California law for which

4   Plaintiff seeks relief authorized by California law.

5       18.   The proposed class is defined as follows:

6           All current and former "General Managers," or persons with similar

7           titles and/or similar job duties, who worked for Comerica in the State

8           of California at any time during the period from four years prior to

9           the filing of this Complaint until the date of certification.

10      19.   Plaintiff reserves the right to establish subclasses as appropriate.

11      20.   The class is readily ascertainable and there is a well-defined

12   community of interest in the litigation:

13      a.   Numerosity:  The membership of the entire class is estimated

14           to be sixty-five (65) individuals and the identity of such

15           membership is readily ascertainable by inspection of

16           Comerica's employment records.

17      b.   Typicality:  Plaintiff is qualified to, and will, fairly and

18           adequately protect the interests of each class member with

19           whom she has a well-defined community of interest, and

20           Plaintiff's claims (or defenses, if any) are typical of all class

21           members' as demonstrated herein.

22      c.   Adequacy:  Plaintiff is qualified to, and will, fairly and

23           adequately, protect the interests of each class member with

24           whom she has a well-defined community of interest and

25           typicality of claims, as demonstrated herein.  Plaintiff

26           acknowledges that she has an obligation to make known to the

27           Court any relationship, conflicts or differences with any class

28           member.  Plaintiff's attorneys, the proposed class counsel, are

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

21. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exists as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE ANWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants' California-based General Managers were classified as "exempt" in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Plaintiff and the other class members were misclassified as exempt;

e.    Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

f.    Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

g.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, Section 226;

i.    Whether Defendants' conduct was willful or reckless;

j.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

k.    The appropriate amount of damages, restitution, and/or

monetary penalties resulting from Defendants' violation of
California law; and

l.      Whether Plaintiff and the class are entitled to compensatory
damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

22.    Defendants employed Plaintiff as a "General Manager" at a
COMERICA BANK branch located in Escondido, California from approximately
October 17, 2007 to approximately January 5, 2010.

23.    CMCI issues wage checks to COMERICA BANK employees,
including Plaintiff and the other class members, who work or worked in the State
of California.

24.    COMERICA INCORPORATED and COMERICA BANK had the
authority to hire, terminate Plaintiff and the other class members; to set work
rules and conditions governing Plaintiff's and the other class members'
employment; and, to supervise their daily employment activities.

25.    COMERICA INCORPORATED and COMERICA BANK exercised
sufficient authority over the terms and conditions of Plaintiff's and the other class
members' employment for them to be joint employers of Plaintiff and the other
class members in conjunction with CMCI.

26.    Defendants directly hired and paid wages and benefits to Plaintiff
and the other class members.

27.    Plaintiff is informed and believes, and based thereon alleges, that at
all times herein relevant, Defendants were advised by skilled lawyers and other
professionals, employees, advisors, and consultants highly knowledgeable about
California wage law, employment and personnel practices.

28.    Plaintiff is informed and believes, and based thereon alleges, that at
all times herein relevant, without any justification, Defendants ignored the
employment and personnel policy changes proposed by skilled lawyers and other

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practice.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their salaried General Managers.  This scheme involved, *inter alia*, misclassifying these positions as "exempt" managerial employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide the Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

rest period was missed and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation and they did not in fact receive all such wages owed to them at the time of their separations.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law but in fact they did not receive complete and accurate wage statements from Defendants.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37.     At all material times set forth herein, Defendants regularly and consistently failed to pay overtime wages to Plaintiff and the other class members.

38.     At all material times set forth herein, Defendants regularly and consistently failed to provide uninterrupted meal and rest periods to Plaintiff and the other class members.

39.     At all material times set forth herein, Defendants regularly and consistently failed to provide complete and accurate wage statements to Plaintiff

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and the other class members.

40.    At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

42.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

43.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

44.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

45.    Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

46.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.    The aggrieved employee shall give written notice by certified

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

mail ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.  The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

47.  On March 11, 2010, Plaintiff provided written notice by certified mail to the LWDA and to Defendants COMERICA BANK, COMERICA INCORPORATED and COMERICA MANAGEMENT COMPANY, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

48.  Plaintiff will have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants COMERICA BANK, COMERICA INCORPORATED and COMERICA MANAGEMENT COMPANY, INC., in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), and 1198.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

51.     Pursuant to California Labor Code section 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

52.     Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

53.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

54.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

55.     Pursuant to California Labor Code section 510, Plaintiff and the other class members are entitled to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of eight (8) hours in a day.

57.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of twelve (12) hours in a day.

58.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of forty (40) hours in a week.

59.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

60.     Defendants' failure to pay Plaintiff and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

61.     Pursuant to California Labor Code section 1194(a), notwithstanding

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    any agreement to work for a lesser wage, any employee receiving less than the

2    legal minimum wage or the legal overtime compensation applicable to the

3    employee is entitled to recover in a civil action the unpaid balance of the full

4    amount of this minimum wage or overtime compensation, including interest

5    thereon, reasonable attorneys' fees, and costs of suit.

6        62.    Pursuant to California Labor Code section 1194, Plaintiff and the

7    other class members are entitled to recover unpaid overtime compensation, as

8    well as interest, costs, and attorneys' fees.

9        63.    Pursuant to the civil penalties provided for in California Labor Code

10   sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved

11   employees are entitled to recover civil penalties of one hundred dollars ($100) for

12   each aggrieved employee per pay period for the initial violation and two hundred

13   dollars ($200) for each aggrieved employee per pay period for each subsequent

14   violation, plus costs and attorneys' fees for violation of California Labor Code

15   sections 510 and 1198.

16   ### SECOND CAUSE OF ACTION

17   ### Violation of California Labor Code §§ 226.7 and 512(a)

18   ### (Against All Defendants)

19       64.    Plaintiff incorporates by reference the allegations contained in

20   paragraphs 1 through 63, and each and every part thereof with the same force and

21   effect as though fully set forth herein.

22       65.    At all times herein mentioned, the Industrial Welfare Commission

23   Order and California Labor Code sections 226.7 and 512(a) were applicable to

24   Plaintiff's and the other class members' employment by Defendants.

25       66.    Pursuant to California Labor Code section 226.7, no employer shall

26   require any employee to work during any meal or rest period mandated by an

27   applicable order of the Industrial Welfare Commission.

28       67.    Pursuant to California Labor Code section 512(a), an employer may

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203,
Glendale, California 91203

1   not employ an employee for a work period of more than five hours per day

2   without providing the employee with a meal period of not less than 30 minutes,

3   except that if the total work period per day of the employee is no more than six

4   hours, the meal period may be waived by mutual consent of both the employer

5   and employee.

6   68.   Pursuant to California Labor Code section 512(a), an employer may

7   not employ an employee for a work period of more than 10 hours per day without

8   providing the employee with a second meal period of not less than 30 minutes,

9   except that if the total hours worked is no more than 12 hours, the second meal

10   period may be waived by mutual consent of the employer and the employee only

11   if the first meal period was not waived.

12   69.   As alleged herein, Defendants routinely interrupted and/or failed to

13   permit, authorize and/or provide Plaintiff's and class members' meal breaks. By

14   these actions, Defendants violated California Labor Code sections 226.7(a) and

15   512(a), and are liable to Plaintiff and the Class.

16   70.   During the relevant time period, Plaintiff and class members who

17   were scheduled to work for a period of time no longer than six (6) hours, and who

18   did not waive their legally-mandated meal periods by mutual consent, were

19   required to work for periods longer than five (5) hours without an uninterrupted

20   meal period of not less than thirty (30) minutes.

21   71.   During the relevant time period, Plaintiff and class members who

22   were scheduled to work for a period of time in excess of six (6) hours were

23   required to work for periods longer than five (5) hours without an uninterrupted

24   meal period of not less than thirty (30) minutes.

25   72.   During the relevant time period, Plaintiff and class members who

26   were scheduled to work in excess of ten (10) hours but no longer than twelve (12)

27   hours, and who did not waive their legally-mandated meal periods by mutual

28   consent were required to work in excess of ten (10) hours without receiving a

second uninterrupted meal period of not less than thirty (30) minutes.

73.    During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

74.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods.

75.    During the relevant time period, Defendants failed to pay Plaintiff and class members the full meal period premium due pursuant to California Labor Code section 226.7.

76.    Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code sections 226.7 and 512(a).

77.    Pursuant to California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

78.    Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512(a).

\\\

\\\

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

### THIRD CAUSE OF ACTION

#### Violation of California Labor Code § 226.7

#### (Against All Defendants)

79.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78, and each and every part thereof with the same force and effect as though fully set forth herein.

80.     At all times herein set forth, the California Industrial Welfare Commission Order and California Labor Code section 226.7 was applicable to Plaintiff's and the other class members' employment by Defendants.

81.     Pursuant to California Labor Code section 226.7, no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

82.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

83.     As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and class members' rest breaks. By these actions, Defendants violated California Labor Code section 226.7(a) and are liable to Plaintiff and the Class.

84.     During the relevant time period, Defendants required Plaintiff and the other class members of the class to work in excess of four (4) hours without providing them a second ten (10) minute rest period.

85.     During the relevant time period, Defendants required Plaintiff and the other class members to work an additional four (4) hours without providing a second ten (10) minute rest period.

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

86.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

87.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

88.     Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code section 226.7.

89.     Pursuant to California Labor Code section 226.7(b), Plaintiff and the other class members of the class are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

90.     Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

91.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

93.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

94.    Pursuant to California Labor Code section 204(b)(1), all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

95.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members the overtime and/or regular wages due to them, within any time period permissible under California Labor Code section 204.

96.    Plaintiff and class members are entitled to recover all remedies available for violations of California Labor Code section 204.

97.    Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 204.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against All Defendants)

98.    Plaintiff incorporates by reference the allegations contained in

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99.   Pursuant to California Labor Code sections 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

100.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ.

101.   Defendants' failure to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

102.   Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

103.   Plaintiff and the other class members are entitled to recover the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

104.   Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 201 and 202.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against all Defendants)

105. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

106. Pursuant to California Labor Code section 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

107. Defendants intentionally and willfully failed to provide Plaintiff and

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

the other class members with complete and accurate wage statements. The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiff and the other class members, and the failure to include the hourly rate, the failure to provide their social security numbers.

108. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

109. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

110. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

111. Plaintiff and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

112. Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a).

\\\

\\\

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

### SEVENTH CAUSE OF ACTION

### Violation of California Labor Code § 1174(d)

### (Against all Defendants)

113.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

115.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members.

116.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

117.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

118.   Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  each aggrieved employee per pay period for the initial violation and two hundred

2  dollars ($200) for each aggrieved employee per pay period for each subsequent

3  violation, plus costs and attorneys' fees for violation of California Labor Code

4  section 1174(d).

5  ## EIGHTH CAUSE OF ACTION

6  ### Violation of California Business & Professions Code §§ 17200 et seq.

7  ### (Against all Defendants)

8  119.   Plaintiff incorporates by reference the allegations contained in

9  paragraphs 1 through 118, and each and every part thereof with the same force

10  and effect as though fully set forth herein.

11  120.   Defendants' conduct, as alleged herein, has been, and continues to

12  be, unfair, unlawful and harmful to Plaintiff, other class members, Defendants'

13  competitors and to the general public.  Accordingly, Plaintiff and the other class

14  members seek to enforce important rights affecting the public interest within the

15  meaning of Code of Civil Procedure section 1021.5.

16  121.   Defendants' activities as alleged herein are violations of California

17  law, and constitute unlawful business acts and practices in violation of California

18  Business & Professions Code section 17200, et seq.

19  122.   A violation of California Business & Professions Code sections

20  17200 et seq. may be predicated on the violation of any state or federal law.  In

21  this instant case, Defendants' policies and practices of requiring non-exempt or

22  hourly paid employees, including Plaintiff and class members, to work overtime

23  without paying them proper compensation violate California Labor Code sections

24  510 and 1198.  Additionally, Defendants' policies and practices of requiring non-

25  exempt or hourly paid employees, including Plaintiff and class members, to work

26  through their meal and rest periods without paying them proper compensation

27  violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants'

28  policies and practices of failing to timely pay wages to Plaintiff and class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a) and 1174(d).

123.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

124.   Plaintiff and putative class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

125.   Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiff and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

126.   Pursuant to California Business & Professions Code section 17200 et seq., injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein.  Plaintiff is informed and believes that Defendants have committed and will continue to commit the above-described unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff and the other class members have no plain, speedy, or adequate remedy at law, in that pecuniary compensation alone would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to Plaintiff and the other class members unless Defendant is restrained from committing further illegal acts.

127.   Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiff and putative class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel;

4.   That Defendants provide to class counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

5.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.   For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.   For the imposition of civil penalties and/or statutory penalties;

9.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

10.   For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

Labor Code sections 510 and 1198; and

11.    For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and class members;

13.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

14.    For all actual, consequential, and incidental losses and damages, according to proof;

15.    For premiums pursuant to California Labor Code section 226.7(b);

16.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

17.    For the imposition of civil penalties and/or statutory penalties;

18.    For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512; and

19.    For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

20.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

21.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

22.   For all actual, consequential, and incidental losses and damages, according to proof;

23.   For premiums pursuant to California Labor Code section 226.7(b);

24.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

25.   For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7; and

26.   For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

27.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiff and class members;

28.   For actual, consequential and incidental losses and damages, according to proof;

29.   For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

30.   For  civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Labor Code section 204; and

31.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

32.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other class members no longer employed by Defendants.

33.   For actual, consequential and incidental losses and damages, according to proof;

34.   For statutory penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

35.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

36.   For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, and 203; and

37.   For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

38.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

39.   For actual, consequential and incidental losses and damages, according to proof;

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

40. For statutory penalties pursuant to California Labor Code section 226(e);

41. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

42. For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a); and

43. For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

44. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 1174(d) as to Plaintiff and class members.

45. For actual, consequential and incidental losses and damages, according to proof;

46. For statutory penalties pursuant to California Labor Code section 1174.5;

47. For civil penalties pursuant to California Labor Code sections 2699 (f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1174(d); and

48. For such other and further relief as the court may deem just and proper.

\\\

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Eighth Cause of Action**

49.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200 et seq. by failing to provide Plaintiff and class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and class members, failing to pay for all missed meal and rest periods to Plaintiff and class members, and failing to pay Plaintiff's and class members' wages timely as required by California Labor Code sections 201, 202 and 204.

50.     For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiff and the other class members and prejudgment interest from the date such amounts were due and payable;

51.     For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under California Code of Civil Procedure section 1021.5.

52.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code section 17200 et seq.; and

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

53.    For such other and further relief as the court may deem just and proper.

Dated:  March 19, 2010              **INITIATIVE LEGAL GROUP APC**

By: _____
Dina Livhits

Attorneys for Plaintiff

Dated:  March 19, 2010              **THE AIWAZIAN LAW FIRM**

By: _____  for Edwin Aiwazian
Edwin Aiwazian

Attorneys for Plaintiff

Dated:  March 19, 2010              **RIGHETTI LAW FIRM, P.C.**

By: _____  for Matthew Righetti
Matthew Righetti

Attorneys for Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

MAR 19 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

## I. (a) PLAINTIFFS
LY BERNAL; (See ATTACHMENT TO CIVIL COVER SHEET)

**DEFENDANTS**
COMERICA BANK, a Texas corporation;
(See ATTACHMENT TO CIVIL COVER SHEET)

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Initiative Legal Group; 1800 Century Park E., 2nd Flr., LA, CA 90067
(310) 556-5637 (See ATTACHMENT TO CIVIL COVER SHEET)

Attorneys (If Known)

**10 CV 0586 H   BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Class Action Fairness Act ("CAFA") 28 U.S.C. §§1332, 28 U.S.C. §1367; 28 U.S.C. §1391(a) and (b); RS. 704
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Margaret M. Morrow   DOCKET NUMBER 2:09cv08905-MMM-PLAx

DATE 3/19/2010    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 11384   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

MB 03-19-10

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTACHMENT TO CIVIL COVER SHEET

## PLAINTIFFS

LY BERNAL, individually, and on behalf of members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

## DEFENDANTS

COMERICA BANK, a Texas corporation; COMERICA INCORPORATED, a Delaware corporation; and COMERICA MANAGEMENT COMPANY, INC., a Michigan Corporation.

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS

Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone:  (415) 983-0900
Facsimile:  (415) 397-9005

Gene Williams (SBN 211390)
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5634
Facsimile:  (310) 861-9051

Edwin Aiwazian (SBN 232943)
THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:  (818) 265-1021

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011334
Cashier ID: mbain
Transaction Date: 03/19/2010
Payer Name: PRO COURIER INC
---------------------------------
CIVIL FILING FEE
 For: PRO COURIER INC
 Case/Party: D-CAS-3-10-CV-000586-001
 Amount:        $350.00
PAPER COPIES
 For: PRO COURIER INC
 Amount:        $1.50
---------------------------------
CHECK
 Check/Money Order Num: 12049
 Amt Tendered:  $351.50
---------------------------------
Total Due:     $351.50
Total Tendered: $351.50
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```