1  Matthew Righetti (SBN 121012)
   matt@righettilaw.com
2  John Glugoski (SBN 191551)
   jglugoski@righettilaw.com
3  RIGHETTI LAW FIRM, P.C.
   456 Montgomery Street, Suite 1400
4  San Francisco, California 94104
   Telephone:  (415) 983-0900
5  Facsimile:   (415) 397-9005

6  Attorneys for Plaintiffs

7  *[List of Additional Counsel Continued on Next Page]*

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 | LY BERNAL; ROWENA M. HOFMAN; individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), | Case No.:  3:10-cv-00586-H -BLM |
| --- | --- |
| | **FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |

Plaintiff,

vs.

COMERICA BANK, a Texas corporation; COMERICA INCORPORATED, a Delaware corporation; and COMERICA MANAGEMENT COMPANY, INC., a Michigan Corporation.

Defendants.

(1)  Violation of California Labor Code §§ 510 and 1198;
(2)  Violation of California Labor Code §§ 226.7 and 512(a);
(3)  Violation of California Labor Code § 226.7;
(4)  Violation of California Labor Code § 204;
(5)  Violation of California Labor Code §§ 201 and 202;
(6)  Violation of California Labor Code § 226(a);
(7)  Violation of California Labor Code § 1174(d);
(8)  Violation of California Business & Professions Code § 17200, et seq.; and
(9)  Preliminary and Permanent Injunction

**DEMAND FOR JURY TRIAL**

28

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

Gene Williams (SBN 211390)
gwilliams@initiativelegal.com
Mark P. Pifko (SBN 228412)
mpifko@initiativelegal.com
Dina S. Livhits (SBN 245646)
dlivhits@initiativelegal.com
Jennifer S. Grock (SBN 245671)
jgrock@initiativelegal.com
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5634
Facsimile:   (310) 861-9051

Edwin Aiwazian (SBN 232943)
edwin@aiwazian.com
Ghazaleh Hekmatjah (SBN 259662)
gh@aiwazian.com
THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:   (818) 265-1021

Attorneys for Plaintiff

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiffs Ly Bernal and Rowena M. Hofman ("Plaintiffs"), individually, and on behalf of all other members of the public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), allege as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents, are licensed to transact and do transact business, in this district.

3.    California Labor Code sections 2698 et seq., the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

4.    Plaintiff has timely provided notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3(a).

## PARTIES

5.    Plaintiff LY BERNAL is an individual residing in the County of San Diego, State of California.

6.    Plaintiff ROWENA HOFMAN is an individual residing in the State of California.

7.    Defendant COMERICA BANK is a corporation organized and existing under the laws of the State of Texas, and transacts business throughout the State of California, including the County of San Diego.

8.    Defendant COMERICA INCORPORATED is a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of San Diego.

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

9.     Defendant COMERICA MANAGEMENT COMPANY, INC. ("CMCI") is a corporation organized and existing under the laws of the State of Michigan, and transacts business in the State of California, including the County of San Diego.

10.     CMCI is a subsidiary of COMERICA BANK, which is a subsidiary of COMERICA INCORPORATED.

11.     Although separate legal entities, COMERICA INCORPORATED, COMERICA BANK, and CMCI share COMERICA INCORPORATED's Department of Human Resources, as well as its information systems, technology, legal department and treasury.

12.     At all relevant times, COMERICA INCORPORATED, COMERICA BANK, and CMCI were jointly and severally the "employer" of Plaintiffs and the other Class Members within the meaning of all applicable state laws and statutes and will hereinafter collectively be referred to as Comerica or Defendants.

13.     COMERICA INCORPORATED owns and operates approximately forty-five (45) Comerica Bank centers and/or branches located in the State of California.

14.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

15.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiffs are informed and believe, and thereon allege, that each of

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17.    Plaintiffs brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rules of Civil Procedure, Rules 23(a), (b)(2), and (b)(3).

18.    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

19.    Plaintiff's proposed Class consists of and is defined as:

    a.    "Unpaid Wages Subclass":

        All current and former "General Managers," or persons with similar titles and/or similar job duties, who worked for Comerica in the State of California at any time during the period from four years prior to the filing of this Complaint until the date of certification.

    b.    "Injunctive Relief Subclass":

        All current "General Managers," or persons with similar titles and/or similar job duties, who work for Comerica in the State of California.

    c.    "Non-Compliant Wage Statement Subclass":

        All "General Managers" of Defendants who worked in California and received a wage statement within one year prior to the filing of this complaint until the date of certification.

20.    The members of all subclasses, when combined, will be known as "Class Members."

21.    Plaintiffs reserve the right to establish subclasses as appropriate.

22.    The class is readily ascertainable and there is a well-defined community of interest in the litigation:

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.   <u>Numerosity</u>:  The membership of the entire Class is estimated to be sixty-five (65) individuals and the identity of such membership is readily ascertainable by inspection of Comerica's employment records.

b.   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they have a well- defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

c.   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d.   <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire Class.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

e.    <u>Public Policy Considerations</u>:  Certification of this lawsuit as a class action will advance public policy objectives.  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

23.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exists as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants' California-based General Managers, or persons with similar titles and/or similar job duties, were classified as "exempt" in violation of California law;

c.    Whether Defendants required Plaintiffs and the other Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other Class Members;

d.    Whether Defendants deprived Plaintiffs and Class Members of

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

meal periods or required Plaintiffs and Class Members to work during meal periods without compensation;

e.    Whether Defendants deprived Plaintiffs and Class Members of rest periods or required Plaintiffs and Class Members to work during rest periods without compensation;

f.    Whether Defendants failed to pay all wages due to Plaintiffs and the other Class Members within the required time upon their discharge or resignation;

g.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, Section 226;

h.    Whether Defendants' conduct was willful or reckless;

i.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

j.    Whether Plaintiff Hofman and Injunctive Relief Subclass Members are entitled to injunctive relief;

k.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

l.    Whether Plaintiffs and the class are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

24.    Defendants employed Plaintiff LY BERNAL as a "General Manager" at a COMERICA BANK branch located in Escondido, California from approximately October 17, 2007 to approximately January 5, 2010.

25.    Defendants have employed and continue to employ Plaintiff ROWENA HOFMAN as a "General Manager" at a COMERICA BANK branch

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

located in Burbank, California since approximately June 2006.

26.    CMCI issues wage checks to COMERICA BANK employees, including Plaintiffs and the other Class Members, who work or worked in the State of California.

27.    COMERICA INCORPORATED and COMERICA BANK had the authority to hire, terminate Plaintiffs and the other Class Members; to set work rules and conditions governing Plaintiffs' and the other Class Members' employment; and, to supervise their daily employment activities.

28.    COMERICA INCORPORATED and COMERICA BANK exercised sufficient authority over the terms and conditions of Plaintiffs' and the other Class Members' employment for them to be joint employers of Plaintiffs and the other Class Members in conjunction with CMCI.

29.    Defendants directly hired and paid wages and benefits to Plaintiffs and the other Class Members.

30.    Plaintiffs are informed and believe, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

31.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practice.

32.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their salaried General Managers.  This scheme involved, *inter alia*, misclassifying these positions as "exempt" managerial employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt"

**THE AIWAZIAN LAW FIRM**
410 West Arden Avenue, Suite 203
Glendale, California 91203

non-managerial employees according to California law.

33.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other Class Members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

34.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide the Plaintiffs and the other Class Members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

35.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other Class Members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other Class Members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other Class Members' regular rate of pay when a meal period was missed.

36.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other Class Members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other Class Members' regular rate of pay when a rest period was missed and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other Class Members' regular rate of pay when a rest period was missed.

37.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other Class Members were entitled to receive all wages owed to them upon discharge or resignation and they did not in fact receive all such wages owed to them at the

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    time of their separations.

2        38.    Plaintiffs are informed and believe, and based thereon allege, that

3    Defendants knew or should have known that Plaintiffs and the other Class

4    Members were entitled to receive complete and accurate wage statements in

5    accordance with California law but in fact they did not receive complete and

6    accurate wage statements from Defendants.

7        39.    Plaintiffs are informed and believe, and based thereon allege, that

8    Defendants knew or should have known that they had a duty to compensate

9    Plaintiffs and the other Class Members pursuant to California law, and that

10   Defendants had the financial ability to pay such compensation, but willfully,

11   knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs

12   and the other Class Members that they were properly denied wages, all in order to

13   increase Defendants' profits.

14       40.    At all material times set forth herein, Defendants regularly and

15   consistently failed to pay overtime wages to Plaintiffs and the other Class

16   Members.  Plaintiffs and Class Members were required to work more than eight

17   (8) hours per day almost every day without overtime compensation.

18       41.    At all material times set forth herein, Defendants regularly and

19   consistently failed to provide uninterrupted meal and rest periods to Plaintiffs and

20   the other Class Members.  Plaintiffs and Class Members almost never received

21   rest breaks, and would receive their full meal breaks less than fifty percent (50%)

22   of the time.

23       42.    At all material times set forth herein, Defendants regularly and

24   consistently failed to provide complete and accurate wage statements to Plaintiffs

25   and the other Class Members.

26       43.    At all material times set forth herein, Defendants regularly and

27   consistently failed to pay Plaintiffs and the other Class Members all wages owed

28   to them upon discharge or resignation.

44.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

45.     At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

46.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

47.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

48.     Plaintiff LY BERNAL was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff LY BERNAL and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

49.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff LY BERNAL, may pursue a civil action arising under PAGA after the following requirements have been met:

        a.     The aggrieved employee shall give written notice by certified mail ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.    The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

50.    On March 11, 2010, Plaintiff LY BERNAL provided written notice by certified mail to the LWDA and to Defendants COMERICA BANK, COMERICA INCORPORATED and COMERICA MANAGEMENT COMPANY, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

51.    On or about April 7, 2010, Plaintiff LY BERNAL received three separate notices from the LWDA informing Plaintiff LY BERNAL that the LWDA does not intend to investigate the herein described alleged violations. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants COMERICA BANK, COMERICA INCORPORATED and COMERICA MANAGEMENT COMPANY, INC., in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d) and 1198 have been satisfied.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

52.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51, and each and every part thereof with the same force and effect as though fully set forth herein.

53.    Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54.    Pursuant to California Labor Code section 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

55.    Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiffs and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

56.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other Class Members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

57.    Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

times the regular rate of pay for an employee.  Any work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight (8) hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  During the relevant time period, Plaintiffs and the other Class Members regularly and/or consistently worked in excess of eight (8) hours in a day.

58.  During the relevant time period, Plaintiffs and the other Class Members regularly and/or consistently worked in excess of twelve (12) hours in a day.

59.  During the relevant time period, Plaintiffs and the other Class Members regularly and/or consistently worked in excess of forty (40) hours in a week.

60.  Plaintiffs and the other Class Members regularly worked in excess of eight (8) hours per day.  For example, Plaintiffs BERNAL and HOFMAN often worked from 8:15 a.m. until 7:00 p.m. or later.  In addition, Plaintiffs and other Class Members would spend, on average, one (1) to three (3) hours per week outside of business hours, attending sales and/or other business related meetings and networking events.

61.  During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other Class Members.

62.  Defendants' failure to pay Plaintiffs and the other Class Members overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

63.  Pursuant to California Labor Code section 1194(a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

64.     Pursuant to California Labor Code section 1194, Plaintiffs and the other Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

65.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 510 and 1198.

## SECOND CAUSE OF ACTION
### Violation of California Labor Code §§ 226.7 and 512(a)
### (Against All Defendants)

66.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

67.     At all times herein mentioned, the Industrial Welfare Commission Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other Class Members' employment by Defendants.

68.     Pursuant to California Labor Code section 226.7, no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

69.     Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty (30)

**THE AIWAZIAN LAW FIRM**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  minutes, except that if the total work period per day of the employee is no more
2  than six (6) hours, the meal period may be waived by mutual consent of both the
3  employer and employee.

4      70.    Pursuant to California Labor Code section 512(a), an employer may
5  not employ an employee for a work period of more than ten (10) hours per day
6  without providing the employee with a second meal period of not less than thirty
7  (30) minutes, except that if the total hours worked is no more than twelve (12)
8  hours, the second meal period may be waived by mutual consent of the employer
9  and the employee only if the first meal period was not waived.

10      71.    As alleged herein, Defendants routinely interrupted and/or failed to
11  permit, authorize and/or provide Plaintiffs' and the other Class Members' meal
12  breaks.  Plaintiffs and other Class Members received a full uninterrupted meal
13  break less than fifty percent (50%) of the time they were entitled to them.  For
14  example, Plaintiff HOFMAN received uninterrupted meal breaks only two (2) or
15  three (3) times a week despite working six (6) days a week.  By these actions,
16  Defendants violated California Labor Code sections 226.7(a) and 512(a), and are
17  liable to Plaintiffs and the Class.

18      72.    During the relevant time period, Plaintiffs and the other Class
19  Members who were scheduled to work for a period of time no longer than six (6)
20  hours, and who did not waive their legally mandated meal periods by mutual
21  consent, were required to work for periods longer than five (5) hours without an
22  uninterrupted meal period of not less than thirty (30) minutes.

23      73.    During the relevant time period, Plaintiffs and the other Class
24  Members who were scheduled to work for a period of time in excess of six (6)
25  hours were required to work for periods longer than five (5) hours without an
26  uninterrupted meal period of not less than thirty (30) minutes.

27      74.    During the relevant time period, Plaintiffs and the other Class
28  Members who were scheduled to work in excess of ten (10) hours but no longer

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

than twelve (12) hours, and who did not waive their legally mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

75.    During the relevant time period, Plaintiffs and the other Class Members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

76.    During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other Class Members to work during meal periods.

77.    During the relevant time period, Defendants failed to pay Plaintiffs and the other Class Members the full meal period premium due pursuant to California Labor Code section 226.7.

78.    Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code sections 226.7 and 512(a).

79.    Pursuant to California Labor Code section 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

80.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512(a).

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against All Defendants)**

81.    Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 80, and each and every part thereof with the same force and effect as though fully set forth herein.

82.    At all times herein set forth, the California Industrial Welfare Commission Order and California Labor Code section 226.7 was applicable to Plaintiffs' and the other Class Members' employment by Defendants.

83.    Pursuant to California Labor Code section 226.7, no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

84.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

85.    As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and the other Class Members' rest breaks.   For example, Plaintiffs BERNAL and HOFMAN almost never received any rest breaks.  By these actions, Defendants violated California Labor Code section 226.7(a) and are liable to Plaintiffs and the Class.

86.    During the relevant time period, Defendants required Plaintiffs and the other Class Members to work in excess of four (4) hours without providing them a second ten (10) minute rest period.

87.    During the relevant time period, Defendants required Plaintiffs and the other Class Members to work an additional four (4) hours without providing a

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

second ten (10) minute rest period.

88.   During the relevant time period, Defendants willfully required Plaintiffs and the other Class Members to work during rest periods and failed to pay Plaintiffs and the other Class Members the full rest period premium for work performed during rest periods.

89.   During the relevant time period, Defendants failed to pay Plaintiffs and the other Class Members the full rest period premium due pursuant to California Labor Code section 226.7.

90.   Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code section 226.7.

91.   Pursuant to California Labor Code section 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

92.   Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 204**

**(Against All Defendants)**

93.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94.   At all times herein set forth, California Labor Code section 204

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

95.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

96.     Pursuant to California Labor Code section 204(b)(1), all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

97.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other Class Members the overtime and/or regular wages due to them, within any time period permissible under California Labor Code section 204.

98.     Plaintiffs and the other Class Members are entitled to recover all remedies available for violations of California Labor Code section 204.

99.     Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 204.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# FIFTH CAUSE OF ACTION

## Violation of California Labor Code §§ 201 and 202

### (Against All Defendants)

100.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 99, and each and every part thereof with the same force and effect as though fully set forth herein.

101.    Pursuant to California Labor Code sections 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

102.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other Class Members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiffs and the other Class Members leaving Defendants' employ.

103.    Defendants' failure to pay Plaintiffs and the other Class Members their wages, earned and unpaid, within seventy-two (72) hours of leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

104.    Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

105.    Plaintiffs and the other Class Members are entitled to recover the

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

106.   Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 201 and 202.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against All Defendants)

107.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.   Pursuant to California Labor Code section 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

109.    Defendants intentionally and willfully failed to provide Plaintiffs and the other Non-Compliant Wage Statement Subclass Members with complete and accurate wage statements.  The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiffs and the other Non-Compliant Wage Statement Subclass Members, the failure to include the hourly rate, and/or the failure to include Plaintiffs' and the other Non-Compliant Wage Statement Subclass Members' social security numbers.

110.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other Non-Compliant Wage Statement Subclass Members have suffered injury and damage to their statutorily protected rights.

111.    More specifically, Plaintiffs and the other Non-Compliant Wage Statement Subclass Members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

112.    Plaintiffs and the other Non-Compliant Wage Statement Subclass Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

113.    Plaintiff Hofman and the other Injunctive Relief Subclass Members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

114.   Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a).

## SEVENTH CAUSE OF ACTION
### Violation of California Labor Code § 1174(d)
### (Against All Defendants)

115.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

116.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

117.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other Class Members.

118.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other Class Members have suffered injury and damage to their statutorily protected rights.

119.   More specifically, Plaintiffs and the other Class Members have been

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

120.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiffs and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1174(d).

## EIGHTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against All Defendants)

121.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 120, and each and every part thereof with the same force and effect as though fully set forth herein.

122.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other Class Members, Defendants' competitors and to the general public.  Accordingly, Plaintiffs and the other Class Members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

123.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

124.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring non-exempt or

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

hourly paid employees, including Plaintiffs and the other Class Members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring non-exempt or hourly paid employees, including Plaintiffs and the other Class Members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other Class Members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a) and 1174(d).

125.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

126.    Plaintiffs and the other Class Members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

127.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other Class Members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

128.    Pursuant to California Business & Professions Code section 17200, et seq., injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein.  Plaintiff Hofman is informed and believes that Defendants have committed and will continue to commit the above-described unlawful acts unless restrained or enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff Hofman and the other Injunctive Relief Subclass Members have no plain, speedy, or adequate remedy at law, in that pecuniary compensation

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

alone would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to Plaintiff Hofman and the other Injunctive Relief Subclass Members unless Defendants are restrained from committing further illegal acts.

129.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the other Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### For Preliminary and Permanent Injunction

### (Against All Defendants)

130.    Plaintiff Hofman incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 129.

131.    Defendants have improperly denied Plaintiff Hofman and the other Injuctive Relief Subclass Members overtime wages, meal and rest period premiums, timely payment of all wages owed, accurate wage statements, accurate and complete payroll records, and other benefits in violation of Federal and state laws as herein alleged.

132.    As a result of these acts and omissions, Plaintiff Hofman alleges that Defendants have been able to unfairly compete with similar businesses in violation of the California Business & Professions Code section 17200 et seq.

133.    If Defendants are not enjoined from the conduct set forth above, they will continue to require Plaintiff Hofman and the other Injunctive Relief Subclass Members to work over eight (8) hours per day and/or forty (40) hours per week without paying them overtime wages, fail to provide required meal and rest

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

First Amended Class Action Complaint and Demand for Jury Trial

breaks, fail to provide accurate and timely wages and wage statements, fail to provide accurate and complete payroll records,  and fail to afford them the other required rights and benefits under Federal and California laws and regulations. Thus, there is threatened future harm and/or continuing violations, which justifies injunctive relief.

134.   Plaintiff Hofman request the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiff Hofman and the other Injunctive Relief Subclass Members to work more than eight (8) hours per day and/or forty (40) hours per week without overtime wages, prohibiting Defendants from failing to provide timely and accurate wages and wage statements, prohibiting Defendants from failing to prove Plaintiff Hofman and the other Injunctive Relief Subclass Members accurate and complete payroll records, and requiring Defendants to afford Plaintiff Hofman and the other Injunctive Relief Subclass Members other benefits afforded by federal and state laws and regulations including, but not limited to, meal and rest breaks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the Class;

3.    That counsel for Plaintiffs be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all Class Members.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the First Cause of Action**

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other Class Members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For the imposition of civil penalties and/or statutory penalties;

9.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

10.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 510 and 1198; and

11.    For such other and further relief as the court may deem just and proper.

**As to the Second Cause of Action**

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other Class Members;

13.    That the Court make an award to the Plaintiffs and the other Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

14.    For all actual, consequential, and incidental losses and damages,

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  according to proof;

2      15.    For premiums pursuant to California Labor Code section 226.7(b);

3      16.    For pre-judgment interest on any unpaid wages from the date such

4  amounts were due;

5      17.    For the imposition of civil penalties and/or statutory penalties;

6      18.    For civil penalties pursuant to California Labor Code sections

7  2699(f) and (g) in the amount of $100 for each violation per pay period for the

8  initial violation and $200 for each aggrieved employee per pay period for each

9  subsequent violation, plus costs and attorneys' fees for violation of California

10  Labor Code sections 226.7 and 512; and

11      19.    For such other and further relief as the court may deem just and

12  proper.

13  **As to the Third Cause of Action**

14      20.    That the Court declare, adjudge and decree that Defendants violated

15  California Labor Code section 226.7 and applicable IWC Wage Orders by

16  willfully failing to provide all rest periods to Plaintiffs and the other Class

17  Members;

18      21.    That the Court make an award to the Plaintiff and the other Class

19  Members of one (l) hour of pay at each employee's regular rate of compensation

20  for each workday that a rest period was not provided;

21      22.    For all actual, consequential, and incidental losses and damages,

22  according to proof;

23      23.    For premiums pursuant to California Labor Code section 226.7(b);

24      24.    For pre-judgment interest on any unpaid wages from the date such

25  amounts were due;

26      25.    For civil penalties pursuant to California Labor Code sections

27  2699(f) and (g) in the amount of $100 for each violation per pay period for the

28  initial violation and $200 for each aggrieved employee per pay period for each

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7; and

26.    For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

27.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs and the other Class Members;

28.    For actual, consequential and incidental losses and damages, according to proof;

29.    For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

30.    For  civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 204; and

31.    For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

32.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other Class Members no longer employed by Defendants.

33.    For actual, consequential and incidental losses and damages, according to proof;

34.    For statutory penalties pursuant to California Labor Code section

**The Aiwazian Law Firm**
410 West Arden Avenue, Suite 203
Glendale, California 91203

First Amended Class Action Complaint and Demand for Jury Trial

1    203 for Plaintiffs and all the other Class Members who have left Defendants'

2    employ;

3        35.    For pre-judgment interest on any unpaid wages from the date such

4    amounts were due;

5        36.    For civil penalties pursuant to California Labor Code sections

6    2699(f) and (g) in the amount of $100 for each violation per pay period for the

7    initial violation and $200 for each aggrieved employee per pay period for each

8    subsequent violation, plus costs and attorneys' fees for violation of California

9    Labor Code sections 201, 202 and 203; and

10       37.    For such other and further relief as the court may deem just and

11   proper.

**As to the Sixth Cause of Action**

12       38.    That the Court declare, adjudge and decree that Defendants violated

13   the record keeping provisions of California Labor Code section 226(a) and

14   applicable IWC Wage Orders as to Plaintiff and the other Non-Compliant Wage

15   Statement Subclass Members, and willfully failed to provide accurate itemized

16   wage statements thereto;

17

18       39.    For actual, consequential and incidental losses and damages,

19   according to proof;

20       40.    For statutory penalties pursuant to California Labor Code section

21   226(e);

22       41.    For injunctive relief to ensure compliance with this section, pursuant

23   to California Labor Code section 226(g);

24       42.    For civil penalties pursuant to California Labor Code sections

25   2699(f) and (g) in the amount of $100 for each violation per pay period for the

26   initial violation and $200 for each aggrieved employee per pay period for each

27   subsequent violation, plus costs and attorneys' fees for violation of California

28   Labor Code section 226(a); and

THE AIWAZIAN LAW FIRM<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203

43.    For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

44.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 1174(d) as to Plaintiffs and the other Class Members.

45.    For actual, consequential and incidental losses and damages, according to proof;

46.    For statutory penalties pursuant to California Labor Code section 1174.5;

47.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1174(d); and

48.    For such other and further relief as the court may deem just and proper.

### As to the Eighth Cause of Action

49.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code section 17200 et seq. by failing to provide Plaintiffs and the other Class Members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other Class Members, failing to pay for all missed meal and rest periods to Plaintiffs and the other Class Members, and failing to pay Plaintiffs' and other Class Members' wages timely as required by California Labor Code sections 201, 202 and 204.

50.    For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiffs and the other Class Members and prejudgment interest from the date such amounts were due and payable;

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

51.    For injunctive relief to ensure compliance with this section; and

52.    For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other Class Members are entitled to recover under California Code of Civil Procedure section 1021.5.

### As to the Ninth Cause of Action

53.    For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to violate the wage and hour laws as alleged herein;

54.    For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to withhold from Plaintiff Hofman and the other Injunctive Relief Subclass Members compensation for overtime hours worked;

55.    For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide Plaintiff Hofman and the other Injunctive Relief Subclass Members meal and rest breaks as required by law;

56.    For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide Plaintiff Hofman and the other Injunctive Relief Subclass Members accurate, itemized wage statements as required by California law;

57.    For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees timely pay Plaintiff Hofman and the other Injunctive Relief Subclass Members during the course of their employment by the Defendants;

58.    For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide Plaintiff Hofman and the other Injunctive Relief Subclass Members complete and accurate payroll records during the course of their employment by the

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants;

59.    For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to commit unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code sections 17200 et seq., including from continuing to commit violations of wage and hour laws by use of economic force against Plaintiff Hofman and the other Injunctive Relief Subclass Members; and

60.    For such other and further relief as the court may deem just and proper.


Dated:  April 23, 2010                    **RIGHETTI LAW FIRM, P.C.**



By: /s/ Matthew Righetti
       Matthew Righetti

       Attorneys for Plaintiff

Dated:  April 23, 2010                    **INITIATIVE LEGAL GROUP APC**



By: /s/ Mark P. Pifko
       Mark P. Pifko

       Attorneys for Plaintiff

Dated:  April 23, 2010                    **THE AIWAZIAN LAW FIRM**



By: /s/Edwin Aiwazian
       Edwin Aiwazian

       Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually, and on behalf of all other members of the public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act, hereby demand a trial by a jury.

Dated:  April 23, 2010                    **RIGHETTI LAW FIRM, P.C.**


                                          By:/s/ Matthew Righetti
                                          Matthew Righetti
                                          Attorneys for Plaintiff

Dated:  April 23, 2010                    **INITIATIVE LEGAL GROUP APC**


                                          By:/s/ Mark P. Pifko
                                          Mark P. Pifko
                                          Attorneys for Plaintiff

Dated:  April 23, 2010                    **THE AIWAZIAN LAW FIRM**


                                          By:/s/Edwin Aiwazian
                                          Edwin Aiwazian
                                          Attorneys for Plaintiff

**THE AIWAZIAN LAW FIRM**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

**PROOF OF SERVICE**

2

**UNITED STATES DISTRICT COURT**            )

3                                                                            )        **SS**

**CENTRAL DISTRICT OF CALIFORNIA**       )

4

5        I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

6

7        On April 23, 2010 I served the document described as **FIRST AMENDED COMPLAINT** on the interested parties in this action by sending on the interested parties in this action by sending [    ] the original [or] [✓] a true copy thereof [✓] to

8        interested parties as follows:

9        **PLEASE SEE ATTACHED SERVICE LIST**

10

11        [    ]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles,

12                California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the

13                ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

14        [    ]    **BY E-MAIL:** I hereby certify that this document was served from Los

15                Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

16        [    ]    **BY FAX:** I hereby certify that this document was served from Los

17                Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

18        [    ]    **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

19

20        [✓]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight

21                delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a

22                designated collection site.

23        [✓]    **[FEDERAL]:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26        Executed this April 23, 2010, at Los Angeles, California.

27        Matthew Krout                                      _____

        Type or Print Name                              Signature

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

## SERVICE LIST

2

3    CT Corporation System
     Agent for Service of Process for
4    COMERICA BANK
     818 West Seventh Street
5    Los Angeles, CA 90017

6
     CT Corporation System
7    Agent for Service of Process for
     COMERICA INCORPORATED
8    818 West Seventh Street
     Los Angeles, CA 90017
9

10
     CT Corporation System
11   Agent for Service of Process for
     COMERICA MANAGEMENT COMPANY, INC.
12   818 West Seventh Street
     Los Angeles, CA 90017
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067