UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-04631 MMM (FMOx) | Date | July 30, 2010 |
|---|---|---|---|

| Title | *Bernal, et al. v. Comerica Bank, et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

## I. BACKGROUND

Plaintiffs Ly Bernal and Rowena M. Hofman filed this putative class action against defendants Comerica Bank, Comerica Incorporated, and Comerica Management Company, Inc. on March 19, 2010 in United States District Court for the Southern District of California, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.[1] A first amended complaint was filed on April 23, 2010. On June 22, 2010, Judge Marilyn L. Huff granted a joint request to transfer the action to the Centrail District of California. Judge Huff granted the request because this court already had two similar cases on its docket: *Cordova v. Comerica Bank et al.*, CV 09-08905 MMM (PLAx), and *Roth v. Comerica Bank et al.*, CV 10-03818 MMM (PLAx). In *Roth* and *Cordova* the plaintiff classes are represented by the same counsel, and assert the same types of claims as do the plaintiffs in this action. The claims arise from activity in California and are asserted against the same defendants.[2] The

---

[1] Class Action Complaint & Enforcement Under the Private Attorney General Act, California Labor Code §§ 2698 ("Complaint"), Docket No. 1 (Mar. 19, 2010), ¶ 1.

[2] See *Cordova v. Comerica Bank et al.*, CV 09-08905 MMM (PLAx), Defendants' Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 USC §§ 1332, 1441 and 1446, Docket No. 1, Exh. A (Dec. 4, 2009), and *Roth v. Comerica Bank et al.*, CV 10-03818 MMM (PLAx), Defendants' Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 USC §§ 1332, 1441 and 1446, Docket No. 1, Exh. A, 3 (May 20, 2010).

plaintiff class in *Cordova* is made up of Assistant General Managers, while the plaintiff class in *Roth* are tellers and other customer service agents. The plaintiff class in this case are described as General Managers.[3] Both *Roth* and *Cordova* were successfully removed although, in *Roth*, there is currently a pending motion to remand to Los Angeles Superior Court.[4]

Bernal worked as a General Manager in defendants' bank in Escondido, California, from October 17, 2007 to January 5, 2010.[5] Hofman was a General Manager at defendants' bank in Burbank, California from June 2006 to the present.[6] Plaintiffs allege that their positions were misclassified as "exempt," such that they were deemed non-hourly employees not qualified for overtime. Plaintiffs assert that in fact, they were non-exempt and should have been paid overtime under California law.[7] Plaintiffs also allege that they were not given required meal and rest breaks or paid compensation for breaks they did not receive as required by California law.[8] Finally, plaintiffs allege that defendants regularly failed to provide accurate wage statements, and that upon leaving defendants' employ, they did not receive back pay required by California law.[9] Neither plaintiff alleges the specific amount in controversy on his or her claim. They do allege, however, that defendants owe penalties of $100 per initial violation, and $200 for each subsequent violation per employee, under California Labor Code §§ 2699(f) and (g).[10]

Plaintiffs allege that they are both California residents,[11] and that the class contains sixty-five members[12] whose identities are "readily ascertainable by inspection of Comerica's employment

---

[3] See Joint Stipulation/ Motion to Transfer Venue, Docket No. 14, (June 21, 2010).

[4] See Plaintiff's Notice of Motion and Motion for Remand; Memorandum of Points and Authorities in Support Thereof, Docket No. 13 (June 18, 2010).

[5] First Amended Class Action Complaint & Enforcement Under the Private Attorneys General Act, California Labor Code §§ 2698 *et seq.* ("FAC"), Docket No. 5 (Apr. 23, 2010), ¶ 24.

[6] *Id.*, ¶ 25.

[7] *Id.*, ¶ 32.

[8] *Id.*, ¶¶ 34 – 36.

[9] *Id.*, ¶ 37.

[10] *Id.*, Prayer for Relief ¶¶ 10, 18, 25, 30, 36, 42, 47.

[11] *Id.*, ¶¶ 5, 6.

[12] At no point do plaintiffs allege jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), nor could they, given that they assert the class has 65 members. Similarly, they do not allege an amount in controversy adequate to trigger jurisdiction under that statute. The

records."[13]  Plaintiffs also allege that Comerica Bank, Comerica Incorporated, and Comerica Management Company, Inc. are "organized and existing" under the laws of Texas, Delaware, and Michigan respectfully.  Finally, plaintiffs allege that all defendants "transact business in the State of California, including the County of San Diego."[14]

The first amended complaint asserts nine causes of action: (1) violation of California Labor Code §§ 510 and 1198; (2) violation of Labor Code §§ 226.7 and 512(a); (3) violation of Labor Code § 226.7; (4) violation of Labor Code § 204; (5) violation of Labor Code §§ 201 and 202; (6) violation of Labor Code § 226(a); (7) violation of Labor Code § 1174(d); (8) violation of California Business & Professions Code §§ 17200, *et seq.*; (9) entry of a preliminary and permanent injunction.  Plaintiffs seek class certification, compensatory and punitive damages, attorneys' fees under Government Code § 12965(b), and costs.

## II.  DISCUSSION

In cases where plaintiffs do not invoke jurisdiction under the Class Action Fairness Act, a plaintiff class must establish that there is complete diversity between defendants and any named plaintiffs, and further establish that each named plaintiff independently meets the amount-in-controversy requirement.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 199–200 (1990) ("[O]nly the citizenship of the named representatives of the class is considered, without regard to whether the citizenship of other members of the class would destroy complete diversity or to the class members' particular stake in the controversy").  See also *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001).  Here, plaintiffs fail to allege either complete diversity or satisfy the amount-in-controversy requirement.

### A.   Lack of Complete Diversity

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens* of different States."  28 U.S.C. § 1332(a) (emphasis added).  The party asserting diversity jurisdiction has the burden of proving that the court has jurisdiction to hear the action. *Kanter*, 265 F.3d at 857-58.  The allegation that plaintiffs Bernal and Hofman are "individuals residing in . . . the state of California"[15] does not satisfy § 1332(a)(1)'s requirement that the "citizenship," as opposed to "residency" of the parties, be diverse.  See *id.* at 857-58 ("Plaintiffs' complaint and Pfizer's notice

---

statute requires one hundred class members and an aggregate amount in controversy of $5,000,000 to establish jurisdiction.

[13]*Id.*, ¶ 22a.

[14]*Id.*, ¶¶ 7 – 9.

[15]FAC, ¶¶ 5, 6.

of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction" (citations omitted)); *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode. . ."); *Baldwin v. Monier Lifetile, L.L.C.*, No. CIV05-1058PHXJAT, 2005 WL 3334344, * 2 (D. Ariz. Dec. 7, 2005) ("The parties in this case have failed to allege the Plaintiffs' state of citizenship. Allegations of residency but not citizenship are insufficient to determine the existence of diversity jurisdiction" (citations omitted)). Bernal's and Hofman's allegation that they are residents of California fails to establish their citizenship, as required by 28 U.S.C. § 1332(a)(1).

Plaintiffs also fail to plead the citizenship of all defendants. Plaintiffs allege that defendants are "corporations organized and existing under the laws" of Texas, Delaware and Michigan.[16] They do not allege, however, defendants' principal place or places of business. To determine a corporation's principal place of business, the court must determine:

> "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, __ U.S. __ , 130 S. Ct. 1181, 1192 (2010).

If requested to do so, the party asserting federal jurisdiction must establish diversity of citizenship by a preponderance of the evidence or the case should be dismissed. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("where [the jurisdictional facts] are not . . . challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence*" (emphasis original)). One manner in which this showing can be made is by submitting sworn declarations regarding the citizenship of the parties. *Id*. at 1148 (holding that a plaintiff may be required to submit affidavits regarding the citizenship of the parties and holding that

---

[16]FAC, ¶¶ 7–9.

certifications of citizenship under penalty of perjury are sufficient).

To satisfy the complete diversity requirement of 28 U.S.C. § 1332(a)(1), plaintiffs must show that they and defendants are *citizens* of different states, and that plaintiffs and defendants satisfy the state citizenship requirements by being *domiciled* or *incorporated* or *having their principal place of business* in diverse states. Absent a showing by plaintiffs that there is complete diversity of citizenship between the parties, the action must be dismissed for lack of subject matter jurisdiction. FED.R.CIV.PROC. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); see also *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

### B.   Failure To Allege Damages In Excess of $75,000.

Additionally, in order for the court to exercise diversity jurisdiction over the putative class claims, at least one of the named plaintiffs must independently satisfy the amount-in-controversy requirement. See *Kanter*, 265 F.3d at 859 ("If a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims[;] . . . under California law punitive damages cannot be aggregated and counted as a single amount for purposes of amount in controversy"). See also *Exxon Mobile v. Allapattah Services, Inc.*, 545 U.S. 546, 558–59 (2005) (only one named plaintiff needs to meet the amount-in-controversy requirement).

Diversity jurisdiction exists only "where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). To demonstrate that diversity jurisdiction has been properly invoked, plaintiff's complaint must allege an amount in controversy that exceeds $75,000, excluding interest and costs. See, e.g., *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of $[75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states"); *Robinett v. State Farm Mutual Auto. Ins. Co.*, No. Civ.A. 02-0842, 2002 WL 31498993, *1 (E.D. La. Nov. 7, 2002) ("Defendant contends that plaintiff fails to allege an amount in controversy to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a). To satisfy the amount in controversy, plaintiff must allege a claim, or claims, exceeding $75,000, exclusive of interest and costs. The burden of establishing federal subject matter jurisdiction rests on the party seeking to invoke it. . . . Plaintiff's complaint does not even assert that the amount is satisfied. Accordingly, this Court dismisses plaintiff's claim against State Farm for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a)"); *Zenith Electronics Corp. v. Kimball International Manufacturing, Inc.*, 114 F.Supp.2d 764, 767 (N.D. Ill. 2000) ("In order for the court to have diversity jurisdiction over a case, the complaint must allege (1) the amount in controversy exceeds $75,000, exclusive of costs and interest and (2) there exists complete diversity of citizenship between

the parties").

Here, plaintiffs allege only that defendants owe penalties of $100 per initial violation of California's labor law, and $200 for each subsequent violation, per employee, under California Labor Code §§ 2699(f) and (g).[17]  "'Although the court normally defers to the statement of damages presented in the complaint, the court also has an independent obligation to examine its jurisdiction where doubts arise.'" *Surber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1231 (N.D. Cal. 2000) (quoting *Marchionna v. Ford Motor Co.*, No. 94 C 275, 1995 WL 549124 (N.D. Ill. Sept, 8, 1995)). \Given that at least one named plaintiff must independently satisfy the amount in controversy requirement, and that class members' damages cannot be aggregated, it is not clear that the penalties plaintiffs cite satisfy the amount-in-controversy requirement.

### III.  CONCLUSION

Plaintiffs' first amended complaint fails to establish that the citizenship of the parties is diverse, and that the amount in controversy exceeds $75,000.  Accordingly, the court orders that plaintiffs show cause on or before **August16, 2010** why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **August 16, 2010**, will result in the immediate dismissal of the action.

---

[17] *Id.*, Prayer for Relief ¶¶ 10, 18, 25, 30, 36, 42, 47.